**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| LOUIS GAUTHIER, | * |
| | * |
| Plaintiff, | * |
| | *     CASE NO.: |
| versus | * |
| | * |
| RICHARDSON, INC. OF ALABAMA | * |
| D/B/A SUNBELT CWS, | * |
| | * |
| Defendant. | * |

_____

# COMPLAINT

Plaintiff LOUIS GAUTHIER ("Plaintiff"), states his Complaint against RICHARDSON, INC. OF ALABAMA d/b/a SUNBELT CWS ("Defendant") as follows:

### SUMMARY

1.  Plaintiff brings this claim to recover unpaid overtime compensation under § 216(b) of the FLSA.

2.  RICHARDSON, INC. OF ALABAMA d/b/a SUNBELT CWS ("Defendant") regularly changed Plaintiff's worked hours to reflect fewer hours in an effort to avoid paying him overtime wages.

3.  Defendant's action in not paying these overtime wages violates the Fair Labor Standards Act ("FLSA").

4.  This complaint seeks to recover the unpaid wages, liquidated damages and other damages owed to Plaintiff, together with attorneys' fees, interest and costs of these proceedings.

5.  Defendant further committed retaliatory actions against Plaintiff for asserting his rights under the FLSA, entitling him to lost wages and additional damages.

## JURISDICTION & VENUE

6. This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant conducts substantial business in this District, sending Plaintiff to perform work in this District while subjecting him to Defendant's improper and illegal payroll practices.

## PARTIES

8. LOUIS GAUTHIER was employed by Defendant as a service installer/technician. Plaintiff is domiciled in Louisiana and maintained car washes for Defendant in Louisiana and Mississippi.

9. Upon information and belief, Defendant is an Alabama corporation authorized to do and doing business in the State of Louisiana.

10. Defendant may be served through its registered agent, INCORP Services, Inc., 3867 Plaza Tower Dr., 1st Floor, Baton Rouge, LA 70816.

11. Defendant's payroll practice violated the FLSA.

## FACTS

12. Defendant is in the business of operating car washes.

13. Defendant conducts business throughout Alabama, Louisiana, Arkansas, Tennessee and Mississippi.

14. Defendant employed Plaintiff to maintain car washes in Louisiana and Mississippi.

15. Defendant paid Plaintiff hourly at the rate of $16.00/hour.

16. Plaintiff worked for Defendant from approximately April 2018 until April 2019.

17. Plaintiff regularly worked over forty (40) hours in a workweek. Plaintiff's manager, Derek Maness, habitually reduced Plaintiff's hours worked in the computer system (without Plaintiff's knowledge) to keep Plaintiff from earning overtime hours.

18. For example, Plaintiff worked in excess of forty (40) hours during the week of March 11, 2019 to March 15, 2019. Although Plaintiff worked overtime during this period, his manager edited his timecard without Plaintiff's knowledge, changing the start time on March 15, 2019 and reducing his hours to avoid overtime hours. Plaintiff was not paid an overtime premium for the hours worked in excess of forty (40) during that workweek.

19. Plaintiff rightfully voiced his opposition to Defendant's practices.

20. Despite protections under the FLSA, Defendant retaliated against Plaintiff, terminating him in April 2019.

### VIOLATION OF THE FLSA

21. Plaintiff incorporates the proceeding paragraphs by reference.

22. At all relevant times, Defendant has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

23. Defendant employed Plaintiff.

24. Defendant's actions in reducing Plaintiff's hours worked to avoid paying overtime hours denied Plaintiff overtime compensation as required by the FLSA.

25. Defendant's failure to pay Plaintiff overtime at rates not less than one and one-half times their regular rates violates 29 U.S.C. § 207. Defendant's conduct, as described herein, was in willful violation of the FLSA.

26. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs of this action.

## **RECORDKEEPING VIOLATION**

57. Plaintiff incorporates the preceding paragraphs by reference.

58. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

## **RETALIATION IN VIOLATION OF SECTION 15(a)(3)**

59. Plaintiff incorporates the preceding paragraphs by reference.

60. Plaintiff worked for Defendant maintaining carwashes until approximately April 2019.

61. In March 2019, Plaintiff complained that his manager was entering the system where Plaintiff's hours were kept and reducing his hours without his knowledge.

62. Defendant admitted to Plaintiff that his manager had in fact changed his time ant that the manager should not have don't so without Plaintiff's knowledge.

63. In April 2019, Plaintiff was terminated by Defendant in retaliation for voicing his complaint.

64. The actions of Defendant in terminating Plaintiff are in violation of the anti-retaliation provision, Section 15(a)(3) of the FLSA.

65. The actions of Defendant were willful.

66.     Plaintiff has suffered losses and damages as a direct result of Defendant's action, entitling Plaintiff to lost wages, liquidated damages, front pay, compensatory damages, punitive damages, prejudgment interest, and attorneys' fees and costs of these proceedings.

## PRAYER

WHEREFORE, Plaintiff, LOUIS GAUTHIER, prays, pursuant to 29 U.S.C. § 216(b), for relief as follows:

1.      Judgment awarding Plaintiff all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

2.      Pre- and post-judgment interest at the highest rate allowable by law; and

3.      All such other and further relief to which Plaintiff may show himself to be justly entitled.

WHEREFORE, Plaintiff, LOUIS GAUTHIER, further prays, pursuant to Section 15(a)(3) of the FLSA, for relief as follows:

1.      Judgment against Defendant for violation of Section 15(a)(3);

2.      Judgment awarding Plaintiff lost wages, liquidated damages, compensatory damages, and punitive damages;

3.      Judgment awarding Plaintiff prejudgment interest;

4.      Judgment awarding Plaintiff attorneys' fees and costs;

5.      Judgment for injunctive relief; and

6.      Judgment for all other relief this court deems just and equitable.

## JURY DEMAND

Plaintiff, LOUIS GAUTHIER, demands trial by jury on all issues so triable as a matter of right by jury.

Dated:  June 1, 2020

RESPECTFULLY SUBMITTED

**WILLIAMSON FONTENOT,
CAMPBELL & WHITTINGTON, LLC**


_____/s/ Robert L. Campbell_____
**ROBERT L. CAMPBELL** (Bar Roll #27986)
**DUSTIN G. FLINT** (Bar Roll #30890)
955 McClung Street
Baton Rouge, Louisiana  70802
Telephone:  (225) 383-4010
Facsimile:  (225) 383-4114
Email:  robb@lawyerbatonrouge.com
Email:  dustin@lawerbatonrouge.com
*Attorney for Plaintiff*